**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02113-CMA-KMT

LEHMAN BROTHERS HOLDINGS, INC., a Delaware corporation,

    Plaintiff,

v.

FIRST CALIFORNIA MORTGAGE CORPORATION, a California corporation,

    Defendant.

---

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Defendant First California Mortgage Company's[1] Motion and Brief for Summary Judgment. (Doc. # 21.)  For the reasons discussed below, the motion is granted.

### I.   BACKGROUND

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") is a Delaware corporation with its principal place of business in New York.  (Doc. # 1-1, ¶ 1.)  Defendant is a California corporation with its principal place of business in California.  (*Id.*, ¶ 2.)  On July 7, 2005, Defendant made a mortgage loan, identified as Loan No. ****0521, in the amount of $348,800, to Borrower Ismael Septimo, in connection with the real property known by address 9943 Prairie Dunes Way, Sacramento, California 95829.  (*Id.*, ¶ 8; Doc. # 21 at 1.)  On October 2, 2005, Defendant sold this Loan to Lehman Brothers Bank, FSB ("LBB") pursuant to a written Loan Purchase Agreement (the "Agreement") and the

---

[1]  Defendant was erroneously sued under the name First California Mortgage Corporation. (Doc. # 10 at 1.)

Seller's Guide, which is incorporated by reference. (*Id.*, ¶ 9; Doc. # 21 at 3.) Subsequently, LBB sold the loan to the Federal National Mortgage Association ("FNMA"). (*Id.* at 3.)

At some point thereafter, FNMA discovered what it believed to be material defects and breaches in the loan, including occupancy misrepresentations by the Borrower and cash back to the Borrower that should have reduced the sale price of the loan. (Doc. # 21-2.) In accordance with FNMA's demands, LBB repurchased the loan on July 14, 2008. (Doc. # 21 at 3; Doc. # 21-3.) On July 28, 2008, LBB issued a repurchase demand to Defendant. (Doc. # 21-4.) On or about May 9, 2013, LBB assigned its interest in the loan to LBHI, effective as of February 12, 2012. (Doc. # 21 at 3.)

On July 8, 2013, Plaintiff filed suit in Douglas County, Colorado, alleging breach of contract and breach of express warranty. (Doc. # 12, ¶¶ 25-34.) Defendant removed the case to this Court on August 7, 2013. (Doc. # 1.) Defendant now moves for summary judgment on all claims, arguing that the action is barred by the Colorado statute of limitations. (Doc. # 21 at 9-10.) On February 21, 2014, Plaintiff filed a Response (Doc. # 25), to which Defendant replied (Doc. # 31).

## II.  **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. To overcome a motion for summary judgment, the nonmoving party must present enough evidence to allow a reasonable jury to find in its favor. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). In analyzing the evidence

on a motion for summary judgment, this Court must view the factual record and draw reasonable inferences in favor of the nonmoving party. *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 851 (10th Cir. 1996).

### III.  LAW AND ANALYSIS

To determine whether this action is timely, the Court must first determine which state's statute of limitations applies to the instant case.  The parties focus on whether the plain language of the Agreement mandates that this Court apply New York's six-year limitations period.[2]  The Agreement states, in relevant part:

> This Agreement and the Seller's Guide shall be construed in accordance with the laws of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with the laws of the State of New York, except to the extent preempted by Federal law.

(Doc. # 21-1 at 5.)  The Seller's Guide further states:

> The Loan Purchase Agreement shall be construed in accordance with the substantive law of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such law without regard for the principles of conflict of laws.

Plaintiff argues that, because the parties' contract applies "without regard for the principles of conflict of laws," it excludes application of the New York Borrowing Statute. (Doc. # 25 at 13.)  The New York borrowing statute, states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either

---

[2]  Defendant argues that the Colorado statute of limitations applies to the instant case because a federal court sitting in diversity applies the law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009).  However, the federal court applies only the substantive, and not the procedural laws of the forum state.  *See FDIC v. Peterson*, 770 F.2d 141, 142–43 (10th Cir.1985)).  Generally, the Tenth Circuit considers statutes of limitations to be procedural in nature.  *See id.* ("statutes of limitations are procedural for purposes of a contractual choice-of-law provision").  Therefore, the Court is not persuaded that it should apply Colorado's limitations period.

>the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

New York Civil Practice Law and Rules ("CPLR") § 202. "Stated plainly, the borrowing statute requires that, when a nonresident sues on a cause of action accruing outside New York, the cause of action must be timely under both New York's applicable statute of limitation and that of the jurisdiction where the cause of action accrued." *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*; No. 13-cv-0091-REB-KMT, 2014 WL 292858, at *2 (D.Colo. Jan. 27, 2014) (citing *Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 484 (N.Y. 1999)). "The cause of action is barred if either of these two periods of limitation has expired." *Id.* (citation omitted).

Courts have repeatedly held that the borrowing statute does not require the Court to engage in a conflict-of-law analysis. *Aurora Commercial Corp.,* No. 12-cv-3138-WJM-KLM, 2014 WL 1056383, at *3 (D. Colo. March 19, 2014); *see also Universal Am. Mortg. Co.*, 2014 WL 292858, at *3; *Ledwith v. Sears Roebuck & Co.,* 660 N.Y.S.2d 402, 406 (N.Y. App. Div. 1997) ("[M]odern choice-of-law decisions are simply inapplicable to the question of statutory construction presented by CPLR 202.")[3] To hold otherwise would be to defeat the very purpose of a borrowing statute, which mandates that between the foreign and local statute of limitations, the statute with the shorter period of limitation is to be applied, *Ledwith*, 660 N.Y.S.2d at 406, in order to keep nonresident, forum-shopping plaintiffs from exploiting advantageous limitations periods in other states. *See Patterson v. Williams*, 500 F. Appx. 792, 794 (10th Cir.

---

[3] For this same reason, the doctrine of *renvoi* has no bearing on the application of New York's borrowing statute. *See Baena v. Woori Bank,* 2006 WL 2935752, at *7 (S.D.N.Y. Oct. 11, 2006); *Ledwith,* 231 A.D.2d 17, 660 N.Y.S.2d at 406.

2012); *see also* Ibrahim J. Wani, *Borrowing Statutes, Statutes of Limitations and Modern Choice of Law*, 57 UMKC L. Rev. 681, 690 (1989).

Because the borrowing statute is not precluded by the contract's conflict-of-law prohibition, the Court addresses Plaintiff's second argument: that the borrowing statute is inapplicable because it was a New York resident at the time of the accrual of the present action. "For purposes of the New York borrowing statute, a cause of action accrues where the injury is sustained. In cases involving economic harm, that place is normally the state of plaintiff's residence." *Gorlin v. Bond Richman & Co.*, 706 F.Supp. 236, 240 (S.D.N.Y. 1989). "In the case of a corporate plaintiff, that may be the state of incorporation or its principal place of business*.*" *Oxbow Calcining USA v. Am. Indus. Parters*, 948 N.Y.S.2d 24, 30 (N.Y. App. Div. 2012); *see also Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *Universal Am. Mortg. Co.,* 2014 WL 292858, at *3.

Plaintiff claims that it is a Delaware corporation with its principal place of business in New York. (Doc. # 1, ¶ 5.) However, two courts in this district have recently observed that LBB was a federally chartered savings association, and not a corporation. *See Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *Universal Am. Mortg. Co.*, 2014 WL 292858, at *4; *see also* (Doc. # 21-6, "Federal Stock Charter Lehman Brothers Bank, FSB"). As a federally chartered savings association, LBB was "wholly a creature of federal statutory law" and was not incorporated under the laws of any state. *Universal Am. Mortg. Co.*, 2014 WL 292858, at *4 (citations omitted). Thus, its principal place of business "is the State in which the institution maintains its home office . . . ." 12 C.F.R. § 1263.18(b); *see also* 12 C.F.R. § 561.39 ("The term principal office means the home office of a savings association . . . .").

5

At all relevant times, Plaintiff's home office was in Wilmington, Delaware. (Doc. # 21-6 "Federal Stock Charter Lehman Brothers Bank, FSB," § 2 "The home office shall be in Wilmington, Delaware.") Therefore, the borrowing statute applies and this action must have accrued within three years, according to Delaware's statute of limitations. *See* 10 Del. Code § 8106.

Plaintiff claims that the claim accrued when LBHI paid FNMA for the loan on July 14, 2008. (Doc. # 25 at 10-11.) Under the New York Borrowing Statute, the statute of limitations began to run when this cause of action accrued, *i.e.*, at the time of the alleged breach. *Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *see also Ely-Cruikshank Co. v. Bank of Montreal*, 615 N.E.2d 985, 986 (N.Y. 1993). Here, Plaintiff's cause of action accrued when Plaintiff possessed a "legal right to demand payment." *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 18 N.Y.3d 765, 770 (2012) ("A consistent line of Appellate Division precedent holds that, where the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the [party making the claim] possesses a legal right to demand payment.") (internal citation omitted). Thus, Plaintiff had a legal right to demand payment" on October 2, 2005, when Plaintiff purchased the subject loan. *See Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *Universal Am. Mortg. Co.*, 2014 WL 292858, at *4.[4] Plaintiff did not file its Complaint until July 8, 2013, more than seven

---

[4] Delaware law governing when a claim accrues, dictates a similar result.

> Delaware's statute of limitations for contract claims begins to run on the date of the breach, regardless of whether the plaintiff is ignorant of the cause of action. That is established law and not subject to debate. Because representations and warranties about facts pre-existing, or contemporaneous with, a contract's

years later.  (Doc. # 1-1.)  Therefore, Plaintiff's claims are barred by Delaware's three-year statute of limitations.

The Court is not persuaded by Plaintiff's argument that the limitations period is tolled.  Delaware's tolling statute, 10 Del. C. § 8117, tolls "the statute of limitations as to defendants who, at the time the cause of action accrues, are outside the state and are not otherwise subject to service of process in the state." *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co., Inc.*, 866 A.2d 1, 18 (Del. 2005).  Defendant has its principle place of business in California, is not a Delaware corporation, does not conduct business in Delaware, and, thus, is not subject to suit in Delaware.  Applying the tolling statute to the instant case would lead to an absurd result: tolling the limitations period in perpetuity.  *See Resurgence Fin., LLC v. Chambers*, 173 Cal. App. 4th Supp. 1, 5 (2009); *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1276-77 (M.D. Fla. 2008).  Indeed, "[t]he purpose of section 8117 is to protect persons seeking to file suit in **Delaware** from defendants who have made filing suit in **Delaware** difficult or impossible." *Resurgence Fin.*, 173 Cal. App. 4th Supp. at 5 (emphasis in original); *but see CACV of Colorado, LLC v. Stevens*, 274 P.3d 859, 866 *review denied*, 290 P.3d 813 (Or. App. 2012) (applying a literal reading to Section 8117 dictates that the

---

    closing are to be true and accurate when made, a breach of such representations
    and warranties occurs on the date of the contract's closing and hence the cause
    of action accrues on that date.

*Cent. Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC*, CIV.A. 5140-CS, 2012 WL 3201139 (Del. Ch. Aug. 7, 2012) *reargument denied,* CIV.A.5140-CS, 2012 WL 4503731 (Del. Ch. Oct. 1, 2012) (internal citations, footnotes, and quotation marks omitted).

limitations period may be tolled indefinitely, particularly in states that have adopted the Uniform Conflicts of Law Limitations Act); *Unifund CCR Partners v. Sunde*, 260 P.3d 915, 923 (Wash. App. 2011) (same). Thus, the Court finds more persuasive the reasoning of *Resurgence Financial*, 173 Cal. App. 4th Supp. at 5, and *McCorriston*, 536 F. Supp. 2d at 1276-77, and declines to apply Section 8117 to the instant case. Because Delaware's three-year statute of limitations was not tolled, this action is time barred.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Doc. # 21) is GRANTED and this case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that:

1. Defendant's request for costs (Doc. # 21 at 18) is GRANTED pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

2. Defendant also requests attorney fees, but has not filed a separate motion demonstrating its entitlement to such fees. (Doc. # 21 at 18.) Thus, this request is DENIED WITHOUT PREJUDICE. Defendant has fourteen days from this Order to file a motion for attorney fees that demonstrates that it is entitled to such fees and that such fees are reasonable.

3. Defendant's Motion for Leave to File Excess Pages (Doc. # 30) is GRANTED, for NO MORE THAN TWO PAGES in excess of this Court's limitation.

DATED: April 30, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

8